# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# WESTERN DIVISION

| | |
|---|---|
| LARHONDA JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>IAS LOGISTICS DFW, LLC d/b/a PINNACLE LOGISTICS,<br><br>Defendant. | Case No. _____<br><br>REMOVED FROM THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL DISTRICT, WINNEBAGO COUNTY, ILLINOIS<br><br>CASE NO. 2019-L-000057 |

## NOTICE OF REMOVAL

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendant IAS Logistics DFW, LLC d/b/a Pinnacle Logistics ("IAS") hereby removes to the United States District Court for the Norther District of Illinois, Western Division, the civil action pending against it in the Circuit Court of the Seventeenth Judicial Circuit Winnebago County, Illinois. In support of removal, IAS states as follows:

1. On February 28, 2019, Plaintiff Larhonda Jones ("Jones") commenced an action against IAS by filing in the Circuit Court of the Seventeenth Judicial Circuit Winnebago County, Illinois a complaint styled as *Larhonda Jones, individually and on behalf of all others similarly situated v. IAS Logistics DFW, LLC d/b/a Pinnacle Logistics*, Case No. 2019-L-000057. (*See* Pl.'s Compl., attached with a summons, as Exhibit A.) The Complaint seeks relief under the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, including, among other things, liquidated damages of $1,000 per violation of each of Pinnacle's negligent violations of BIPA." (Ex. A at ¶49.) IAS was served with the Complaint on March 13, 2019. (*See* Proof of Service, attached as Exhibit B.)

2.  Here, removal is proper under 28 U.S.C. § 1441 because this Court has original diversity-of-citizenship jurisdiction over this case under 28 U.S.C. § 1332. *See* 28 U.S.C. § 1332(a)(1) ("The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between (1) citizens of different states * * *"); 28 U.S.C. § 1441(a), (b).

I. **The Parties Are Citizens of Different States and, Based on the Allegations of the Complaint, the Amount in Controversy Is Satisfied, As Well.**

3.  Complete diversity exists between the parties. *See Pain Ctr. of SE Indiana LLC v. Origin Healthcare Sols. LLC*, 893 F.3d 454, 458 (7th Cir. 2018) (diversity of citizenship jurisdiction "requires complete diversity between the parties"). As alleged in the Complaint, Jones is a "citizen of the State of Illinois" (Ex. A at ¶7), and IAS is not a "citizen" of Illinois.

4.  As a limited liability company, IAS is deemed to have the citizenship of its members. *See* 28 U.S.C. § 1332(c)(1); *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 997 (7th Cir. 2007) ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); *Thomas v. Guardsmark LLC*, 487 F.3d 531, 533–34 (7th Cir. 2007) (same). IAS has seven members—one member is an individual and six members are trusts. The individual member is a citizen of Texas. And with respect to the trust members, the beneficiaries of the trusts comprise citizens of the following states: Colorado, Texas, Connecticut, Montana, New York; and Hawaii.[1] *See RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016) (the citizenship of beneficiaries is what matters for diversity purposes whenever a trust is not suing or being sued in its own name). Accordingly, for diversity purposes, IAS is deemed to be a citizen of [1] Colorado, [2] Texas, [3] Connecticut, [4] Montana, [5] New York; and [6] Hawaii.

---

[1] For the sake of completeness, IAS will note that the Trustees of the member trusts are citizens of Colorado and Connecticut.

56218553v.1

5.      The parties thus are completely diverse and, because IAS is not a citizen of the state in which the action was brought, *see* 28 U.S.C. § 1441(b)(2), the "citizenship" component of the removal analysis is satisfied.

6.      The amount-in-controversy requirement is satisfied, as well. While IAS denies any liability whatsoever as to Jones's claims, the amount-in-controversy requirement is satisfied because, according to the Complaint, it appears that Jones is seeking damages in excess of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"). Indeed, the Complaint alleges that Jones "worked for Pinnacle for approximately ten months" (Ex. A at ¶27) and that "[e]ach time [she] began and ended a workday, [IAS] required a scan of [her] fingerprints" (*id*. at ¶29).

7.      Thus, given that the Complaint is seeking "liquidated damages of $1,000 *per violation* of *each* of Pinnacle's negligent violations of BIPA" (Ex. A at ¶49 (emphasis added)), it is plausible that Jones seeks to recover $1,000 in liquidated damages for each time she clocked in and out from work over ten months of employment. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (a "removing party [ ] only must establish the amount in controversy by a good faith estimate that is plausible and adequately supported by the evidence"). Defendants do *not* agree that she is entitled to that measure of damages under BIPA,[2] but, for removal purposes, the question is not "what damages the plaintiff

---

[2] IAS denies that Jones has alleged an actionable violation of BIPA each and every time she clocked in and out because, among other things, such a result would conflict with a plain language of the statute and would raise serious constitutional and policy concerns. IAS further denies that Jones has suffered any sort of injury, at all. Nonetheless, for purposes of removal, Jones's allegations and requested relief, and the plausible inferences drawn therefrom, must be accepted as true for purposes of determining the amount in controversy. *See generally CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000).

will recover, but only how much is *in controversy* between the parties." *Id.* (emphasis in original; internal citation and quotation omitted). Accordingly, this case is thus removable under 28 U.S.C. § 1441 on diversity-of-citizenship grounds. *See* 28 U.S.C. § 1441(a), (b)(2).

8. Moreover, Jones also is seeking declaratory relief, injunctive relief, and attorneys' fees, which also factor into evaluating the amount in controversy for jurisdictional purposes. *See Macken ex rel. Macken v. Jensen*, 333 F.3d 797, 799 (7th Cir. 2003) (in a suit for injunctive relief, "the amount in controversy is measured by the value of the object of the litigation"); *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347, 97 S. Ct. 2434, 2443 (1977) ("[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation"); *Hart v. Schering-Plough Corp.*, 253 F.3d 272, 274 (7th Cir. 2001) (where state statute allowed recovery of attorney's fees, fees incurred as of the date of filing properly included in amount-in-controversy analysis); *see also Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 957 (7th Cir. 1998) (similar); *cf. Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (similar). Therefore, Jones's additional requested relief further sustains that more than $75,000 is at issue.

**II.     IAS Has Satisfied the Procedural Requirements for Removal.**

9. This Notice of Removal was timely filed within the thirty days provided under 28 U.S.C. § 1446(b) as IAS was served with the Complaint on March 13, 2019. (*See* Ex. B.)

10. Because this action is brought in the Circuit Court of the Seventeenth Judicial Circuit Winnebago County, Illinois, venue for purposes of removal is proper in this Court: under 28 U.S.C. § 93(a)(2), this District and this Division embraces Winnebago County, Illinois, the place where the removed action has been pending. *See* 28 U.S.C. § 93(a)(2); 28 U.S.C. § 1441(a).

4

11. In accordance with 28 U.S.C. §1446(a), a copy of all process, pleadings, and orders served on IAS have been attached as Exhibits A, B, and C.

12. In accordance with 28 U.S.C. §1446(d), IAS will promptly provide written notice to Jones and will promptly file a copy of this Notice of Removal with the Clerk of the Court for the Circuit Court of the Seventeenth Judicial Circuit Winnebago County, Illinois.

\* \* \*

For the foregoing reasons, Defendant IAS Logistics DFW, LLC d/b/a Pinnacle Logistics files its Notice of Removal, removing this case from the Circuit Court of the Seventeenth Judicial Circuit Winnebago County, Illinois to the United States District Court for the Northern District of Illinois, Western Division and further requests that this Court accept this Notice of Removal and assume jurisdiction over this matter for all further proceedings.

DATED: April 12, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/  Joseph A. Donado*
    Joseph A. Donado

Richard P. McArdle (rmcardle@seyfarth.com)
Joseph A. Donado (jdonado@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

***Attorneys for Defendant IAS Logistics DFW, LLC d/b/a Pinnacle Logistics***

**CERTIFICATE OF SERVICE**

I, Joseph A. Donado, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing **NOTICE OF REMOVAL**, to be served upon the following by email and Federal Express on this 12th day of April 2019:

> David Fish (dfish@fishlawfirm.com)
> Seth Matus (smatus@fishlawfirm.com)
> Kimberly Hilton (khilton@fishlawfirm.com)
> John Kunze (jkunze@fishlawfirm.com)
> The Fish Law Firm, P.C.
> 200 East Fifth Avenue, Suite 123
> Naperville, IL 60563
> T: (630) 335- 7590
> F:  (630) 778-0400

*/s/  Joseph A. Donado*